UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAD B.,

                              Plaintiff,

v.                                                      3:22-CV-729
                                                                (TWD)

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                              Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LACHMAN & GORTON                          PETER A. GORTON, ESQ.
 *Attorney for Plaintiff*
PO Box 89
Endicott, New York 13761

U.S. SOCIAL SECURITY ADMIN.            GEOFFREY M. PETERS, ESQ.
OFFICE OF GEN. COUNSEL
REGION II
 *Attorney for Defendant*
6401 Security Blvd.
Baltimore, MD 21235

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

       Currently before the Court is Plaintiff's counsel's ("Mr. Gorton") motion and amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. Nos. 19, 28.)  Defendant filed a response (Dkt. No. 20) to the original motion (Dkt No. 19), but Defendant did not respond to the amended motion.  (Dkt. No. 28.)

I.  **BACKGROUND**

Mr. Gorton represented Plaintiff in a civil action before this Court, seeking judicial review of Defendant's denial of Plaintiff's application for disability benefits under the Social Security Act. On November 29, 2022, Mr. Gorton filed a brief in support of remand arguing the Administrative Law Judge ("ALJ") erred in addressing the medical opinions in the record. (Dkt. No. 11.) In lieu of responding, the parties stipulated to remand this matter to Defendant for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. Nos. 13, 14, 15.) Mr. Gorton continued to represent Plaintiff post-remand. Upon remand, the ALJ issued fully favorable decisions under Title 16 and Title 2 granting Plaintiff disability insurance benefits and supplemental security income. (Dkt. Nos. 19-3 and 28-2.)

Thereafter, Defendant issued a Notice of Change in Benefits indicating Plaintiff was entitled to $96,418.90 in past-due benefits for his claim. (Dkt. No. 28-2 at 3.). Defendant withheld 25% of the past-due benefits, or $24,104.73. *Id.* Also, in a Stipulation and Order dated February 10, 2023, Plaintiff was awarded $7,364.75 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 18.) However, Mr. Gorton only received $6,074.04 from the Department of the Treasury. (Dkt. No. 19-2 at 2.)

Mr. Gorton now seeks the withheld attorney's fees of $24,104.73, to be paid to him pursuant to a contingency fee agreement he had with Plaintiff (Dkt. No. 19-4), and he requests that he be ordered to return the EAJA amount paid to him of $6,074.04 to the Plaintiff. (Dkt. No. 28-1.) As noted, Defendant did not respond to the amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). *See generally* Docket.

## II.     DISCUSSION

Under 42 U.S.C. § 406, a prevailing claimant's fees are payable out of the benefits the claimant recovers, and such fees may not exceed 25 percent of past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). "[Section] 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id*. at 794 (citing 20 CFR § 404.1728(a)). For representation of a claimant at the administrative level, an attorney may file a fee petition. *See Gisbrecht*, 535 U.S. at 794 (citing 42 U.S.C. § 406(a)). In response to such a petition, "the agency may allow fees 'for services performed in connection with any claim before' it; [however,] if a determination favorable to the benefits claimant has been made, . . . the Commissioner of Social Security 'shall . . . fix . . . a reasonable fee' for an attorney's services." *See Gisbrecht*, 535 U.S. at 794 (quoting 42 U.S.C. § 406(a)(1)).

With respect to proceedings before a court, the statute provides "for fees on rendition of 'a judgment favorable to a claimant.'" *See Gisbrecht*, 535 U.S. at 794 (quoting 42 U.S.C. § 406(b)(1)(A)). As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*.

In addition, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Pursuant to the EAJA, a court may award a claimant "fees payable by the United States if [its] position in the litigation was not 'substantially justified.'" *Id*. (citation omitted). "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the

3

attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Id*. (citation and footnote omitted).

A court may award fees under both the EAJA and Section 406(b), but the claimant's counsel must "'refun[d] to the claimant the amount of the smaller fee.'" *Id*. (citation omitted). "'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'" *Id*. (quotation omitted).

In *Gisbrecht*, the Supreme Court held "§ 406(b) does not displace continent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. (footnote omitted).

The *Gisbrecht* Court noted "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." *Id*. at 808 (citations omitted). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id*. (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (reviewing court should disallow "windfalls for lawyers")). "In this regard, the court may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez*, 865 F.2d at 741).

Likewise, in *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990), the Second Circuit held "§ 406(b) does not invalidate all contingent fee arrangements it merely sets their upper limit and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id*. at 370. The court noted that, "because § 406(b) requires the district court to review the reasonableness of any requested fee, contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases." *Id*. (citations omitted). However, the court recognized "that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id*. (citing *Rodriguez*, 865 F.2d at 746 (other citations omitted). Furthermore, the court stated it "ought normally to give the same deference to these agreements as [it] would to any contract embodying the intent of the parties." *Wells*, 907 F.2d. at 370 (citations omitted).

Thus, in determining the reasonableness of a contingent fee agreement, courts should consider "whether the contingency percentage is within the 25% cap; . . . whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id*. (citations omitted). "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id*. (citation omitted).

Finally, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in

determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007) (citation omitted).

In this case, to determine whether the fee award Mr. Gorton seeks under § 406(b) is reasonable, the Court begins by looking at the contingency fee agreement between Plaintiff and his counsel. This agreement provides, in pertinent part, that "[t]he attorney fee charged to me will be 25% of the past due benefits…." (Dkt. No. 19-4.) There is no evidence this agreement was the result of fraud or overreaching. Moreover, the agreement seeks no more than the maximum allowed under the relevant statute of 25% of the retroactive benefits. Thus, the only issue the Court need address is whether the amount of fees Mr. Gorton seeks would result in a windfall to him.

As noted above, Mr. Gorton's record of the time he expended in federal court and the tasks he performed related to the federal court litigation is one factor the Court may consider in determining reasonableness. Mr. Gorton's records indicate he spent a total of 33.1 hours of work related to this case. (Dkt. No. 19-2 at 1.) Here, Mr. Gorton seeks an award of $24,104.73 in fees, which is based on 25% of Plaintiff's past-due benefits the Social Security Administration has withheld. If the Court divides the total fee sought by the hours he expended for work before this Court, the effective hourly rate would be $728.24.

To determine whether fees in this amount would result in a windfall to Mr. Gorton, the Court must consider the following factors:

> "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, ... (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases."

*Fura v. Astrue*, No. 08–CV–0689, 2011 WL 1541307, *3 (N.D.N.Y. Apr. 21, 2011) (quoting *Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688 (N.D.N.Y. July 10, 2009)) (other citation omitted).

A review of the record demonstrates Mr. Gorton's efforts were particularly successful for Plaintiff and it appears he was able to handle this case efficiently, at least in part, because of his experience with Social Security cases. Thus, the Court concludes that, in light of the total amount of time Mr. Gorton expended on this case at both the administrative and district court level, his expertise in handling Social Security cases, the complexity of the issues in this case, the success he achieved in this case, and the inherent uncertainty of non-payment that is always involved when entering into a contingency fee agreement, as well as the lack of any evidence of fraud or overreaching in this case, an award of fees in the amount of $24,104.73 pursuant to § 406(b) would be reasonable for the type and amount of work he expended before this Court.

Additionally, since Mr. Gorton readily acknowledges that the EAJA fee of $6,074.04 previously paid to him should be ordered returned to Plaintiff, he will not earn in excess of the agreed upon fee. (Dkt. No. 28-1.) As noted above, Plaintiff's fee agreement seeks no more than 25% of the retroactive benefits, therefore, the Court will order that Mr. Gorton return the EAJA fee of $6,074.04 to Plaintiff.

### III.   CONCLUSION

After reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Mr. Gorton's motion (Dkt. No. 19) be **DENIED** as moot, his amended motion (Dkt. No. 28) for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $24,104.73; and the Court further

**ORDERS** that the amount of $24,104.73 in attorney's fees pursuant to 42 U.S.C. § 406(b) shall be paid to Mr. Gorton out of the sums that Defendant has withheld from Plaintiff's past-due benefits; and the Court further

**ORDERS** that, upon his receipt of attorney's fees in the amount of $24,104.73, pursuant to 42 U.S.C. § 406(b), Mr. Gorton shall immediately refund to Plaintiff the previously awarded EAJA sum of $6,074.04.

This case remains closed.

Dated: May 17, 2024
Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge